GUNTER v. YAZOO & M. V. R. R. Co.*

(Division A.   Jan. 24, 1927.)

[111 So. 105.   No. 25752.]

1. RAILROADS. *Railroad need only maintain crossings in reasonably safe condition (Hemingway's Code, section 6677).*

Where railroad maintains crossings on highways, so that on conflicting testimony jury shall decide they are in reasonably safe condition, crossings are in the good order required by Code 1906, section 4053 (Hemingway's Code, section 6677).

2. APPEAL AND ERROR. *Jury's finding on conflicting testimony cannot be disturbed.*

   Supreme court cannot disturb finding of jury on conflicting testimony.

3. APPEAL AND ERROR. *Plaintiff cannot complain on appeal because right of recovery for tort was based on right to recover generally in accordance with requested instructions.*

   Where plaintiff, embracing in suit for personal injuries damage to automobile and other loss, requested instruction authorizing recovery therefor in event of finding for plaintiff, he cannot complain on appeal because right to recover as to special articles was based on right to recover generally as plaintiff.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 707, n. 11; p. 858, n. 3; Railroads, 33Cyc, p. 926, n. 71. As to defective condition of railroad crossing as affecting travelers right to recover for injuries sustained in collision with train, see annotation in 14 L. R. A. (N. S.) 312; 20 L. R. A. (N. S.) 426; 22 R. C. L. 905. Verdict based on confliction evidence not disturbed unless clearly wrong, see 2 R. C. L. 194; 1 R. C. L. Supp. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79; 6 R. C. L. Supp. 73.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

Suit by R. L. Gunter against the Yazoo & Mississippi Valley Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*J. A. Teat, Geo. L. Teat* and *M. Ney Williams,* for appellant.

The language of instruction No. 6 is in direct conflict with the statute which requires the railroad company "to make proper and easy grades in the highway so that the railroad may be conveniently crossed and to keep such crossings in good order." The words "reasonably safe condition" are totally different from "proper and easy grades and to keep such crossings in good order." Instruction No. 6 granted to the defendant below was destructive to plaintiff's right to recover. It did not

furnish a proper guide for the jury but was very misleading to the jury.

The instructions of the court were given to the jury to guide and direct them in considering the evidence. The defendant showed that a space of about fifteen feet on the crossing was in a *reasonably safe condition;* and admitting that the road was pitted with holes and that the dirt was worn away from the rails, yet it is true that the crossing was in a *reasonably safe condition.* The jury was well warranted in finding that the crossing was in a *reasonably safe condition.* All persons familiar with the crossing might go over with *reasonable* safety; therefore, when the instruction was *granted to the defendant, the jury was well warranted* in accepting the *reasonably safe condition* as having been proved by the evidence to their satisfaction, and upon this point could find and did find that the defendant was not guilty of negligence.

Again, the uncontradicted evidence showed that the boards or puncheons lacked seven and one-half feet of coming to the south side of the railroad and the space between the iron rails was not covered and that such was an important and serious defect in the road. Yet, under the said instruction granted to the defendant, the jury could and did find, notwithstanding this fact, that the crossing was in *reasonably safe condition;* that is, that the plaintiff could have crossed over that portion of the road where the boards or puncheons were.

This instruction was in effect a peremptory instruction for the defendant as to the defective crossing pleaded by the plaintiff in his declaration, proved by his evidence, and warranted to him by the statute. This is true, notwithstanding the instruction given the plaintiff was correct. The vital language in the plaintiff's instruction was interpreted by the court to mean a reasonably safe condition. This was manifestly erroneous.

Instruction No. 9 is subject to the same criticism made against instruction No. 6, granted by the court to the

defendant. Moreover, the court will observe the language of this instruction, "that the highway over defendant's crossing for the width of the highway was in reasonably safe condition for ordinary travel, etc.," "the defendant was not guilty of any breach of duty it owed to the plaintiff, etc." This instruction is upon the weight of the evidence.

When the defendant asked and received this instruction, it had authority from the court to go to the jury with a most serious impeachment of the plaintiff's case and asked for a verdict if the jury should believe that the highway crossing was in *reasonably safe condition for ordinary travel for the width of the highway* alone, meaning by that the portion of the road traveled by the public, notwithstanding the fact that the plaintiff had a right to assume that the crossing was constructed and maintained as required by law.

*May, Sanders & McLaurin,* for appellee.

The giving of the instructions requested by defendant which state the duty the railroad company was under to the public with reference to the condition in which the crossing must be maintained is assigned as error. In each of these instructions the jury is informed that the duty cast upon the railroad company in this regard is to maintain the crossings in a reasonably safe condition. Appellant contends that these instructions are improper because the statute requires railroad companies to make "proper and easy grades and to keep such in good order" where highways cross the railroad track. Plaintiff's testimony does not hint at an improper grade at this crossing. He complains of the condition of the crossing as being rough and containing holes. Plaintiff himself testifies, that the grade was not steep but was "just a gradual incline." So the grade of the highway is eliminated from consideration. The duty then of the railroad company was to maintain the crossing in rea-

sonably safe condition.  22 R. C. L. 905; *Terre Haute R. R. Co.* v. *Clem*, 123 Ind. 15, 23 N. E. 965, 7 L. R. A. 588.

All the reported cases are to the effect that the duty of the railroad company is to maintain its crossings in reasonably safe condition.

McGOWEN, J., delivered the opinion of the court.

This suit was based on a declaration for personal injuries alleged to have been received by R. L. Gunter, resulting from his automobile stalling on a railroad crossing and being struck by the engine of a passenger train running at the schedule speed of forty-five miles an hour. The automobile was wrecked, and Gunter, according to the testimony for the plaintiff, was seriously injured. The gravamen of the complaint of the plaintiff was based on the defective condition of the crossing, coupled with the speed of the train.  The verdict of the jury was for the defendant railroad company.

We have considered each and every assignment of error, but deem it only necessary to mention two:

(1)  That instruction No. 6 is erroneous.  This instruction reads as follows:

"A railroad company is not required under the law to maintain public crossings in the best possible condition; all that is required of them is to maintain such crossings in reasonably safe condition.  So, if you believe from the evidence that the crossing in question was, at the time of plaintiff's injury, *in reasonably safe condition*, then the defendant had performed its whole duty to plaintiff in this regard, and was not guilty of any negligence with reference to the condition of the crossing."  (Italics ours.)

Instruction No. 9 is to the same effect.  Section 6677 Hemingway's Code (section 4053, Code of 1906), is as follows:

"Where a railroad is constructed so as to cross a highway, and it be necessary to raise or lower the highway,

it shall be the duty of the railroad company *to make proper and easy grades* in the highway, so that the railroad may be conveniently crossed, and to *keep such crossings in good order;* and it shall be the duty of the company to erect and keep in order all bridges on any highway, at such points as bridges may be necessary to cross the railroad; and any company which shall fail to comply with these provisions shall forfeit the sum of one hundred dollars, to be recovered by action in the name of the county in which the crossing or bridge is situated.'' (Italics ours.)

It will be noted that the gist of this statute is that the crossings on public highways shall be kept in good order and that there shall be proper and easy grades in the highway. We think is sufficient to say that, if a railroad maintains its crossings so that, upon conflicting testimony, a jury shall decide that they are in reasonably safe condition, then by necessary application the crossings are in good order.

The testimony in this case was conflicting, and the jury might well have said that plaintiff was correct in his view of the unsafe condition of the crossing. On the other hand, they saw fit to adopt the view of the witnesses for the railroad company, and found for the defendant, which finding we cannot disturb. We do not think there was error in these instructions, acquitting the railroad company of blame, if the crossing in question was in reasonably safe condition. The statute leaves it to the jury to construe the facts and circumstances of each case on its merits.

(2) That there were embraced, in the suit for personal injuries received at this crossing, damage to an automobile and automobile cushions and the loss of spectacles and some money; in other words, that there was a declaration in this case sounding in tort, and also, as to these articles, a suit for a conversion of personal property.

No demurrer was filed to the declaration, and the case was tried out. The plaintiff offered such proof as he had as to the damage to the automobile and to the loss of his personal property. An examination of the instructions shows that the only instruction asked on behalf of the plaintiff as to these articles was given by the court. This instruction is as follows:

"The court instructs the jury that, if they find for the plaintiff, then the plaintiff is entitled to recover, in addition to all damages sustained to his person, the following·to-wit: The damage to Ford automobile, four hundred and fifty dollars; one pair eyeglasses, twelve dollars; cash, twenty dollars; one watch, twenty-five dollars; trousers, shirt, and knife, twenty dollars; doctor's bill to Dr. Lovejoy forty-five dollars, and Dr. Walley, fifty-five dollars; and loss of time amount to be fixed by the jury as they may find from the evidence to be true and correct."

It will be observed that plaintiff asked that the jury base his right to recovery as to these special articles upon his right to recover generally as plaintiff in the case. He secured the instruction asked for from the jury, and must abide the consequences. We cannot reverse the case, because no peremptory instruction was asked; and we do not think in this case there is any sufficient reason for us to be more liberal to the plaintiff than was requested by him in the lower court.

We have read the testimony carefully, we have read the instructions for the plaintiff and for the defendant, and, after mature deliberation and careful consideration, we are of opinion that the case was fairly and impartially tried in the court below. There is no reversible error in this case.

*Affirmed.*